<hr />

## RACHEL ANN CARPENTER ET AL.
### v.
## JOSEPHINE CALVERT.

BILL TO SET ASIDE A WILL—PRACTICE.—This was a re-trial, the case having been remanded from the Supreme Court.   The finding and decree upon the second trial was the same as upon the former trial, which had been reversed by the Supreme Court.   The testimony at the last trial not differing materially from that produced on the first trial, the decree is again reversed and as it will be useless to again remand the cause, the Appellate Court enters a final decree dismissing the bill.

APPEAL from the Circuit Court of Henry county; the Hon. A. A. Smith, Judge, presiding.   Opinion filed July 16, 1879.

Mr. LEVI NORTH and Mr. GEO. W. SHAW, for appellants; that the evidence of unsoundness of mind failed to show testamentary incapacity, being merely opinions of witnesses not founded upon material facts, cited Stackhouse v. Horton, 15 N. J. Chy. 202; Redfield's Leading Cases, 110; Leck v. Carey, Redfield's Cas., 326.

The evidence is clear that she understood the instrument claimed as her will: Wiley v. Ewalt, 66 Ill. 26; Clearwater v. Kimler, 43 Ill. 272.

The Supreme Court had decided the question of the testatrix' mental capacity, and that question was *res adjudicata*:

Carpenter v. Calvert, 83 Ill. 62; Rising v. Carr, 70 Ill. 596; Clayes v. White, 83 Ill. 540; Tuttle v. Garrett, 74 Ill. 444.

The instrument was the performance of a valid testamentary contract rather than a will: 2 Redfield on Wills, 281.

The court should have compelled payment of appellants' costs in Supreme Court before permitting further prosecutions: Clark v. Quackenboss, 28 Ill. 112; 1 Daniell's Ch. Pr. *35.

Evidence of supposed influence over the testatrix, not connected with a testamentary act, is improper: Brownfield v. Brownfield, 43 Ill. 147.

So also of evidence of former testamentary intentions unconnected with evidence of undue influence: Rutherford v. Morris, 77 Ill. 397.

Evidence of verbal declarations of testamentary intentions was improper: Boylan v. Meeker, Redfield's Cas. 488.

After the will had been admitted to probate, the burden of proof was on the contestants: Yoe v. McCord, 74 Ill. 33; Sloan v. Maxwell, 2 Green 563; Holloway v. Galloway, 51 Ill. 159; Trish v. Newell, 62 Ill. 196; Carpenter v. Calvert, 83 Ill. 62; Cordrey v. Cordrey, Redfield's Cas. 198; 1 Redfield on Wills, 42.

The recognition by a person of sound mind of a former will shows that the will is valid, without regard to the condition of mind of the party when it was made: Cartwright v. Cartwright, 1 Phil. 90; Slater v. Burnstead, 99 Mass. 112; Thomas v. Stump, 62 Mo. 275.

The executor should have been allowed to deduct from the estate his commissions and reasonable expenses of defending the will: 2 Williams on Executors, 1774; Bradford v. Bondinot, 3 Wash. C. C. 122; Bratney v. Currey, 33 Ind. 399; Brown v. Rogers, 1 Houston 458: Boylan v. Meeker, 15 N. J. Ch. 310; Compton v. Barnes, 4 Gill. 55; Pingree v. Jones, 80 Ill. 177

The court erred in decreeing the will and probate, and all acts of the executor thereunder, null and void: Thompson v. Tracy, 60 N. Y. 31; Shephard v. Rhodes, 60 Ill. 301; Peeble's App. 15 Serg. & R. 39.

Mr. E. C. MODERWELL and Mr. CHARLES DUNHAM, for appellant; that the appellate court will not usurp the place of the

Carpenter v. Calvert.

jury, though the evidence might incline the court to a different result, cited C. B. & Q. R. R. Co. v. Lee, 87 Ill. 457; Clayes v. White, 83 Ill. 540; Plummer v. Rigdon, 78 Ill. 222; Dawson v. Robbins, 5 Gilm. 72; Dickie v. Carter, 42 Ill. 376; Lowry v. Orr, 1 Gilm. 70.

Evidence of undue influence and *senile dementia* must be considered together: Redfield's Cas. 308.

Errors as to admission of evidence or improper instructions, of a trivial nature and that do not mislead the jury, will not reverse : City of Alton v. Hope, 68 Ill. 167 ; Pratt v. Tucker, 67 Ill. 346; R. R. I. & St. L. R. v. Rafferty, 73 Ill. 58; McClurkin v. Ewing, 42 Ill, 283; Timmons v. Broyles, 47 Ill. 92.

The burden of proof is on the proponents : Allison v. Allison, 46 Ill. 61; Trish v. Newell, 62 Ill. 196; Crowningshield v. Crowningshield, 2 Grey, 503 ; Erist v. Nason, 22 Me. 441; Comstock v. Hodlyme, 8 Conn. 261; Barry v. Butlin, 1 Curt. Eccl. 638; Dickey v. Carter, 42 Ill. 376; Potter v. Potter, 41 Ill. 80; Rigg v. Wilton, 13 Ill. 17; Cilley v. Cilley, 34 Me. 162.

As to the standard of mental capacity: Rutherford v. Morris, 77 Ill. 397; Trish v. Newell, 62 Ill. 196; Roe v. Taylor, 45 Ill. 485; Redfield's Am. Cas. 60.

The court did not err in refusing to allow all the expenses of the contest from the estate: Brown v. Vineyard, 1 Bailey's Eq. 460; Humper's App. 3 Watts and Serg. 401 ; Rogers, App. 13 Pa. St. 569; Meek v. Allison, 67 Ill. 46; Andrews' Ex'r v. Andrews' Adm'r, 7 Ohio St. 143; 9 Watts and Serg. 98; 13 Pa. St. 569; 10 B. Mon. 229; 7 Pa. St. 455; 1 Strobh. 369.

PER CURIAM.   Bill in Equity to set aside the will of one Lydia W. Naudain.   On the first trial of the cause, a decree was entered finding against the validity of the will and annulling it.   From that decree an appeal was taken to the Supreme Court and the decree of the court below was reversed.   Carpenter v. Calvert, 83 Ill. 62.

The cause has again been tried before the court and jury, with like finding and decree.

The facts are very fully stated in the opinion of the Supreme Court, and we deem it unnecessary to re-state them here.

The court say in that case that, " it is impossible for any reasonable man to say that the testatrix on January 6th, 1873, was not capable of making a will," and we have, after a full examination and careful consideration of all the testimony in this record, come to the same conclusion upon this appeal.

The testimony is not materially different upon any point from that which was produced on the former trial. The evidence in the record satisfactorily shows that the testatrix, at the time of the execution of the will, was fully capable of disposing of her property, while every instance of conduct on her part which, unexplained, might raise a suspicion of her mental capacity, seems fairly accounted for by reference to physical causes, of transient operation, disclosed by the evidence, and mainly the use of morphine.

Contestants claim that she was laboring under *senile dementia*—an affliction, we take it, which is never alleviated by time—yet there is satisfactory proof, such as that furnished by her letters and by the testimony of her physician in Philadelphia, that after the execution of the will her mental faculties were both clear and sound.

The appellee has had the benefit of a second trial, and it is to be presumed that she introduced all the evidence obtainable bearing upon the issues before the jury, and we are unable to find in the record evidence sufficient to sustain the verdict, either upon the issue of incompetency of the testatrix, or of undue influence upon the part of appellant. In our own opinion, the court below should have set aside the verdict and dismissed the bill, and believing it will be useless to remand the cause, and this court being authorized so to do (Allman, et al. v. Pigg et al. 82 Ill., 149,) the decree of the court below will be reversed and the bill dismissed.

Decree reversed.